[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16432
Non-Argument Calendar

_____

D. C. Docket No. 03-00847-CV-B-NE

CHRISTINA MARIE BLUNDELL,

Plaintiff-Appellant,

versus

HEALTH CARE AUTHORITY OF THE
CITY OF HUNTSVILLE, THE,
Huntsville Hospital,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 11, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

This case was brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Christina Marie Blundell seeks legal and equitable relief against Huntsville Hospital, her employer, on a claim (1) that she is "disabled"; (2) that the Hospital has been aware of her disability and, moreover, has regarded her as being disabled; (3) that the Hospital failed to accommodate her disability by not allowing her to continue her job at triage; and (4) that the Hospital discriminated against her by demoting her when she could perform all of the essential functions of the triage job. On the Hospital's motion for summary judgment, the district court, in a thoroughgoing Memorandum Opinion dated November 9, 2004, held on the record before it that Blundell is not disabled as a matter of law. Blundell now appeals, contending that material issues of fact exist as to whether she is disabled, whether the Hospital had a record of her disability, and whether the Hospital regarded her as disabled.[1]

To establish a prima facie case under the ADA, the employee must show "that (1) [s]he has a disability, (2) [s]he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation, and (3) the defendant

---

[1] In its Memorandum Opinion, the district court does not address whether the Hospital had a record of Blundell's disability or regarded Blundell as disabled. Although the court erred in failing to address these issues, our review of the record convinces us that there is no need to remand them; rather, the record requires that we resolve them in favor of the Hospital.

unlawfully discriminated against h[er] because of the disability." *See Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F. 3d 1220, 1226 (11th Cir. 1999)." Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000). The ADA defines disability as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). A court generally determines the existence of a disability, under the first definition, by making a three-point assessment of whether: (1) a plaintiff's injury is a physical impairment; (2) the activities that the plaintiff claims are limited by her injury qualify as major life activities under the ADA; and (3) the injury substantially limits the major life activities she identifies. See Bragdon v. Abbott, 524 U.S. 624, 631, 118 S.Ct. 2196, 2202,141 L.Ed.2d 540 (1998).

The term "major life activities" is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The term "substantially limits" is defined as follows:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform

that same major life activity.

29 C.F.R. § 1630.2(j)(1). These terms need to be "interpreted strictly to create a demanding standard for qualifying as disabled." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002). "In determining whether an individual is substantially limited in a major life activity, . . . the following factors should be considered: the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." Id. at 196, 122 S.Ct. at 690 (internal quotations and citations omitted). ADA plaintiffs must show that "the extent of the limitation caused by their impairment in terms of their own experience ... is substantial." Id. at 198, 122 S.Ct. at 691-92 (internal quotations and citations omitted).

Additionally, we have noted that courts consistently have held that "someone who walks [and] . . . stands . . . moderately below average is not disabled under the Act." Rossbach v. City of Miami, 371 F.3d 1354, 1358 (11th Cir. 2004). Moreover, "a diminished activity tolerance for normal daily activities such as lifting, running and performing manual tasks, as well as a lifting restriction, [does] not constitute a disability under the ADA." Chanda v. Engelhard/ICC, 234 F.3d 1219, 1222 (11th Cir. 2000).

"When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999); see also 29 C.F.R. § 1630.2(j)(3)(i) (requiring a showing that plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities."). A "class of jobs" is defined as: "The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(B). A "broad range of jobs in various classes" is defined as: "The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(C). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. 29 C.F.R. § 1630.2(j)(3)(i).

A record of impairment, under the second definition indicated above, means that the plaintiff "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). "This part of the definition is satisfied if a record relied on by an employer indicates that the individual has or has had a substantially limiting impairment." Hilburn v. Murata Electronics North America, Inc, 181 F.3d 1220, 1229 (11th Cir. 1999.

Finally, a person may be "disabled" under the ADA if she is "regarded by" her employer as disabled, meaning that she "(1) has an impairment that does not substantially limit a major life activity, but is treated by an employer as though it does; (2) has an impairment that limits a major life activity only because of others' attitudes towards the impairment; or (3) has no impairment whatsoever, but is treated by an employer as having a disability as recognized by the ADA." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1327 n. 2 (11th Cir.1998) (citing 29 C.F.R. § 1630.2(1)). "The mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate that the employer regarded the employee as disabled." Sutton v. Lader, 185 F.3d 1203, 1209 (11th Cir. 1999) (Rehabilitation Act). The plaintiff must show not only that her employer perceived her as unable to perform the relevant "class of jobs," but that she is also unable to perform other

6

jobs in the area that utilized "similar training, knowledge, skills or abilities."

Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1370 (11th Cir. 1998).

We agree with the district court, for the reasons stated in its Memorandum Opinion, that Blundell failed as a matter of law to establish that she was disabled, i.e., that her impairments substantially limited her in the major life activities of walking, standing, performing manual tasks, or working. Although that court did not reach the issues of whether the Hospital had a record of, or regarded her as having, such impairments, we find nothing in the record before us that would permit a jury to find that the Hospital had such a record or regarded her as having impairments that substantially limiter her in such major life activities.

The judgment of the district court is

**AFFIRMED.**